IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PAMELA MABRY                                                                                                PLAINTIFF

VS.                                                                                                    No. 1:05CV218-D-D

FEDERAL EXPRESS CORPORATION                                                                 DEFENDANT

ORDER GRANTING MOTION TO DISMISS AND IMPOSING SANCTIONS

Presently pending before the Court is the Defendant's motion to dismiss and the Court's *sua sponte* imposition of sanctions. Upon due consideration, the Court finds that the motion shall be granted and the Plaintiff's actions justify the imposition of sanctions.

*A. Factual Background*

The Plaintiff filed this Title VII and Section 1981(a) action on September 16, 2005, alleging that the Defendant discriminated against her and retaliated against her because of her race. On October 14, 2005, the Court entered a Rule 16.1(A) Initial Order setting the Telephonic Case Management Conference for January 26, 2006, and ordering the parties to submit Rule 26 initial disclosures and conduct a Rule 26(f) conference at least three weeks prior to the case management conference. The counsel for the Defendant attempted several times without success to contact Plaintiff's counsel to fulfill the requirements of the Court's October 14, 2005, Order. The Defendant submitted its initial disclosures on January 19, 2006. The Plaintiff failed to submit her initial disclosures.

On January 26, 2006, the Court entered a Case Management Plan and Scheduling Order requiring that all discovery be completed by July 26, 2006. On January 6, 2006, the Defendant served its First Set of Interrogatories and First Set of Requests for Production of Documents on the

Plaintiff. As of this date, the Plaintiff has failed to respond to those requests. The Defendant's counsel wrote two letters dated February 13, 2006, and March 13, 2006, to Plaintiff's counsel requesting a response to those discovery requests. In addition, Defendant's counsel repeatedly tried to call Plaintiff's counsel unsuccessfully.

On April 10, 2006, the Defendant filed a Motion to Compel seeking this Court to compel the Plaintiff to respond to the outstanding discovery requests. On May 9, 2006, Magistrate Judge Jerry Davis issued an Order compelling the Plaintiff to respond to the discovery requests by May 22, 2006. In addition, the Magistrate ordered the Plaintiff to show cause by May 30, 2006, why she should not be sanctioned by the Court. Despite this Order, the Plaintiff has not responded to either the discovery requests or the Court's show cause order.

The Defendant now moves this Court to dismiss the Plaintiff's claims pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute. The Plaintiff has failed to respond to this motion.

*B. Discussion*

1. Dismissal

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

Here, the Plaintiff has plainly failed to comply with an order of the court. As such, the court finds that dismissal of the Plaintiff's claims pursuant to Rule 41(b) is appropriate.

In addition, the Plaintiff failed to respond to Defendant's motion to dismiss. As such, the Court may grant the motion as unopposed when a party fails to respond. Unif. Local Rule 7.2(C)(2).

2. Sanctions

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

The purpose of 28 U.S.C. § 1927 which authorizes sanctions against persons who multiply the proceedings in a case unreasonably or vexatiously is to deter frivolous litigation and abusive practices. Footman v. Cheung, 341 F. Supp. 2d 1218 (M.D. Fla. 2004) (sanctions may be warranted for a party's bad faith in delaying or disrupting the litigation, or hampering enforcement of a court order). Before ordering sanctions the court must ensure that the offensive actions were both unreasonable and vexatious, Fed. Deposit Ins. Corp. v. Conner, 20 F.3d 1376, 1384 (5th Cir. 1994); evidence of recklessness, bad faith or improper motive must be present. Houge v. Royse City, Tex., 939 F.2d 1249, 1256 (5th Cir. 1991). An award of attorney's fees under 28 U.S.C. § 1927 is committed to the sound discretion of the court. Thomas v. Capital Sec. Serv, Inc., 812 F.2d 984 (5th Cir. 1987). Such an award should not be made without fair notice and opportunity to be heard. Roadway Express Inc. v. Piper, 447 U.S. 752, 767, 100 S. Ct. 2455, 2464, 65 L. Ed. 2d 488 (1980); Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc., 38 F.3d 1414, 1418 (5th Cir. 1994) (hearing not required where conduct occurred in the presence of the court and the court is familiar with the parties and the litigation).

As noted above, the Plaintiff has continually delayed to process of litigation in this case. The Plaintiff has failed to respond to discovery requests; thus, delaying the process and completion of discovery. In addition, the Plaintiff has blatantly violated an Order of this Court. The Plaintiff violated the order compelling response to the discovery requests and the order to show cause.

Finally, the Plaintiff has failed to respond to this dispositive motion.

The Court finds that sanctions are necessary to deter and punish the Plaintiff for unreasonably delaying this action. The Plaintiff's history of not abiding by the Court's rules and orders evidences recklessness and bad faith. The Court need not conduct a hearing into Plaintiff's recklessness and bad faith because the Court is familiar with the parties and this litigation. Thus, the Court will sanction the Plaintiff.

*C. Conclusion*

Upon review of the pleadings and briefs, the Court finds that the Plaintiff has failed to prosecute this case and comply with orders of the Court. Therefore, the Court will dismiss the Plaintiff's claims. In addition, in light of the Plaintiffs' unreasonable, vexatious, and reckless behavior, sanctions are appropriate and the Plaintiff is sanctioned in the amount of $300.00. The Plaintiff is ordered to pay the Defendant $300.00 within ten days of the date of this order.

THEREFORE, it is hereby ORDERED that:

(1) the Defendant's motion to dismiss (docket entry 19) is GRANTED;

(2) the Plaintiff's claims are DISMISSED without prejudice;

(3) the Plaintiff is SANCTIONED in the amount of $300.00 payable to the Defendant within ten (10) days of the date of this order for unreasonably and vexatiously multiplying litigation; and

(4) this case is CLOSED.

SO ORDERED, this the 26th day of June 2006.

/s/ Glen H. Davidson
Chief Judge